1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   SAMUEL FLORES TELLO,                    )    1:12-cv-00410-JLT HC
                                             )
12                    Petitioner,            )    ORDER TO SHOW CAUSE WHY THE
                                             )    PETITION SHOULD NOT BE DISMISSED
13         v.                                )    FOR VIOLATION OF THE ONE-YEAR
                                             )    STATUTE OF LIMITATIONS (Doc. 1)
14                                           )
     R. H. TRIMBLE,                          )    ORDER REQUIRING RESPONSE TO BE
15                                           )    FILED WITHIN THIRTY DAYS
                      Respondent.            )
16   _____  )

17

18                            **PROCEDURAL HISTORY**

19         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21   March 1, 2012, in the Sacramento Division of this Court and transferred to the Fresno Division on

22   March 19, 2012.[1]  (Docs. 1 & 4).  A preliminary review of the Petition, however, reveals that the

23

24         [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
25   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
26   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
27   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.
28   2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
     possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson,

                                             1

1  petition may be untimely and should therefore be dismissed.

2  **DISCUSSION**

3  A.  Preliminary Review of Petition

4  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

5  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

6  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

7  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

10  Cir.2001).

11  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

12  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

13  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

14  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

15  Herbst.

16  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

17  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

19  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

20  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

21  (1997).  The instant petition was filed on March 1,  2012, and thus, it is subject to the provisions of

22  the AEDPA.

23  The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

24  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

25  reads:

26  
27  330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition,
the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears
28  on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the
running of the statute of limitation.  Petitioner signed the instant petition on March 1, 2012.  (Doc. 1, p. 52).

2

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on September 25, 2007 in the Superior Court for the County of Tulare.  (Doc. 1, p. 1).  Petitioner filed a petition for review that was denied by the California Supreme Court on August 24, 2009, in case no. S173499.  (Id., p. 2).  Thus, direct review would have concluded on November 22, 2009, when the ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, i.e., November 23, 2009, or until November 22, 2010, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on March 1, 2012, over fifteen months after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

3

§ 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner indicates that he did not file any state habeas petitions prior to filing the instant federal petition.  Accordingly, under the AEDPA, Petitioner is not entitled to any statutory tolling.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and should be

4

1   dismissed.

2       D.  Equitable Tolling

3       The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

4   equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

5   (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

6   period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

7   make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

8   (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

9   petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

10  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

11  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

12  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

13  his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807

14  (2005).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

15  exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

16  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

17  1107.

18      Here, Petitioner has made no express claim of entitlement to equitable tolling.  However, in

19  Ground One, Petitioner indicates that "He was not properly informed by counsel of his right to

20  petition the federal court and law library staff does not speak Spanish."  (Doc. 1, p. 6).  As framed,

21  such a vague contention does not rise to the level of a claim for equitable tolling.  If Petitioner

22  wishes to make an express claim for equitable tolling, he will have to present such a claim in his

23  Response to this Order to Show Cause.  In so doing, Petitioner should specify the extraordinary

24  circumstances beyond his control that prevented him from timely filing his petition and provide

25  evidence to support his allegations.  The burden is on Petitioner to establish entitlement to equitable

26  tolling.  Absent an adequate response that clearly establishes Petitioner's entitlement to equitable

27  tolling, or other tolling permitted under the AEDPA, or that establishes other facts that would alter

28  the Court's analysis,  the Court will have no alternative but to recommend dismissal of the petition.

5

1

**ORDER**

2          For the foregoing reasons, the Court HEREBY ORDERS:

3      1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

4           of this Order why the Petition should not be dismissed for violation of the one-year

5           statute of limitations in 28 U.S.C. § 2244(d).

6          Petitioner is forewarned that his failure to comply with this order may result in a

7    Recommendation that the Petition be dismissed pursuant to Local Rule 110.

8    IT IS SO ORDERED.

9    Dated:   **March 20, 2012**                                    **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28