1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   SAMUEL FLORES TELLO,                    )   Case No.: 1:12-cv-00410-LJO-JLT
                                              )
12              Petitioner,                   )   FINDINGS AND RECOMMENDATIONS TO
                                              )   DISMISS PETITION FOR WRIT OF HABEAS
13       v.                                   )   CORPUS FOR VIOLATING 28 U.S.C. § 2244(d)(1)
                                              )
14   R. H. TRIMBLE,                           )   ORDER DIRECTING OBJECTIONS TO BE FILED
                                              )   WITHIN TWENTY DAYS
15              Respondent.                   )
                                              )
16   _____ )

17

18          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20                              **PROCEDURAL HISTORY**

21          The instant petition was filed on March 1, 2012, in the Sacramento Division of this Court and

22   transferred to the Fresno Division on March 19, 2012.[1]  (Docs. 1 & 4).  When a preliminary review of

23

24   _____

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
25   filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court
     clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
26   mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might
     be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit
27   has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.
     Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 003).
28   The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison

                                              1

the petition indicated that the petition may be untimely and should therefore be dismissed, the Court, on March 21, 2012, issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 6). The Order to Show Cause required that Petitioner file a response within thirty days. On April 18, 2012, Petitioner timely filed his response to the Order to Show Cause. (Doc. 11).

## DISCUSSION

**A.  Preliminary Review of Petition**.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the March 21, 2012 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 1, 2012, and thus, it is subject to the provisions of the AEDPA.

---

authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on March 1, 2012. (Doc. 1, p. 52).

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on September 25, 2007 in the Superior Court for the County of Tulare.  (Doc. 1, p. 1).  Petitioner filed a petition for review that was denied by the California Supreme Court on August 24, 2009, in case no. S173499.  (Id., p. 2).   Thus, direct review would have concluded on November 22, 2009, when the ninety day period for seeking review in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following day, November 23, 2009, or until November 22, 2010, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on March 1, 2012, over fifteen months after the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable

3

tolling, the instant petition is untimely and should be dismissed.

   C. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

   Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); <u>see</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see</u> <u>also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

   Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  <u>Nino</u>, 183 F.3d at 1006-1007; <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  <u>Id.</u> at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); <u>see</u> <u>also</u>, <u>Fail v. Hubbard</u>, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jiminez v. White</u>, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling

4

1    when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165,

2    1166 (9th Cir. 2006).

3            Here, Petitioner alleges that he did not file any state habeas petitions before filing the instant

4    federal petition.  Accordingly, under the AEDPA, Petitioner is not entitled to any statutory tolling.

5    Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and should be dismissed.

6            D. Equitable Tolling.

7            The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

8    tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon

9    v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to

10   equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to

11   file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal

12   quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of

13   diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations

14   may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant

15   seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing

16   his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130

17   S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold

18   necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."

19   Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,

20   "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

21           In his petition, Petitioner made no express claim of entitlement to equitable tolling.  However,

22   in his response to the Order to Show Cause, Petitioner now contends that he is entitled to equitable

23   tolling based upon his lack of facility with the English language, his lack of knowledge of the legal

24   system, and his belief that he could not talk to other inmates about his case, which delayed his ability

25   to obtain relevant legal information about how to proceed in federal court.   Specifically, Petitioner

26   alleges that in his correspondence with his appellate attorney, which was written in Spanish, Petitioner

27   clearly understood that he was not to communicate about his case with other inmates.  Petitioner

28
                                                      5

apparently concedes that his appellate attorney advised him in Spanish of the one-year statute of limitations for filing a federal habeas corpus petition, but that Petitioner "did not understand what [counsel] was trying to communicate to him." (Doc. 11, p. 6). This fact, combined with Petitioner's concern about discussing his case with other inmates, and his lack of understanding of legal matters in general, form the basis for Petitioner's claim of entitlement to equitable tolling.

The Court finds Petitioner's claim of equitable tolling to be unpersuasive. Generally, a petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

In support of his contention, Petitioner relies on Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006), in which the Ninth Circuit held that a combination of allegations by petitioner that he lacked English language ability, was denied access to Spanish-language legal materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period were, in combination, sufficient to justify remand for development of the record vis-à-vis equitable tolling. Mendoza, 449 F. 3d at 1071.

In contrast to Mendoza, however, in this case Petitioner has not alleged that the prison law library contained insufficient Spanish-language research materials. Nor does Petitioner expressly allege that he was unable to obtain the services of a Spanish translator during the one-year AEDPA limitation period. Rather, Petitioner contends that a "misunderstanding" occurred between his appellate attorney and himself that prevented Petitioner from asking other inmates about his case or seeking the assistance of other inmates in understanding the running of the limitation period and the need to timely file his federal petition.

In Petitioner's own documents, submitted with his response to the Order to Show Cause, Petitioner includes a letter from his appellate attorney expressly advising him, in Spanish, about the availability of habeas corpus review in the federal courts and the existence of a one-year limitation

period.  (Doc. 11, App. 4, p. 2).  In that document, which is a letter from Petitioner's appellate counsel to Petitioner dated August 14, 2009, Petitioner's attorney told Petitioner, in Spanish, that if he desired to file a federal habeas petition, he must do so within one year from August 12, 2009, the date his petition for review was denied in the California Supreme Court, i.e., or no later than August 12, 2010. (Id.).[2]

Petitioner cannot credibly contend that he did not understand what counsel was communicating since it was being communicated in Petitioner's native language.  Rather, it appears that Petitioner is contending that his lack of understanding of the legal system meant that he did not fully appreciate or understand the significance of what his attorney was communicating and, since he believed he should not discuss his case with other inmates, he did not ask anyone to explain what his attorney was telling him.

While Petitioner's explanation for why he did not act in a timely manner is plausible, even understandable, it simply does not meet the high standard for equitable tolling, i.e., extraordinary circumstances beyond Petitioner's control.  Once Petitioner was advised by his attorney that any federal petition must be filed by August 12, 2010, Petitioner was on notice of that deadline.  The fact that he did not fully comprehend that legal significance of that deadline is a reality common to many, if not most, inmates.  Few inmates, whether native English speakers or not, have any legal background, much less any experience with federal habeas corpus law or the AEDPA.  The decision not to ask anyone about the deadline, or his legal options, or the various advisements communicated to him by his attorney, was a decision made by Petitioner alone.  He cannot now shift responsibility to others because of his own intentional and voluntary decision not to talk to other inmates about his case.  Indeed, eventually, Petitioner did decide to talk to other inmates about his case, thus prompting both the filing of his petition and his response to the Order to Show Cause.  The fatal delay in enlisting the assistance of other inmates, however, was a circumstance entirely within the control of Petitioner

---

[2] Petitioner's counsel was incorrect in this regard.  As mentioned previously, Petitioner would have had ninety days following the denial of his petition for review to file a petition for writ of certiorari in the U.S. Supreme Court.  Thereafter, Petitioner would have had one year to file his petition.  However, because counsel's advice, if followed, would have led Petitioner to file his petition at least ninety days before the one-year period would have expired, counsel's error actually worked in Petitioner's favor.

1    and the result of Petitioner's own volition, and cannot now be re-characterized as an extraordinary

2    circumstance beyond Petitioner's control.

3           Moreover, <u>Mendoza</u> took pains to point out that equitable tolling "requires *both* the presence of

4    an extraordinary circumstance *and the inmate's exercise of diligence*."  <u>Mendoza</u>, 339 F.3d at 1071 n.

5    6. (Emphasis supplied).  In that case, the Ninth Circuit indicated that "a non-English speaking

6    petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the

7    AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his

8    own language or translation assistance from an inmate, library personnel, or other source."  <u>Id.</u> at

9    1070; <u>see also Rodriguez v. Evans</u>, 2007 WL 951820 at *4-5 (N.D. Cal. 2007)(Rodriguez' allegations

10   that he does not speak English and had to get someone to help him prepare his petition were an

11   inadequate basis for equitable tolling because Rodriguez failed to make the detailed showing required

12   by <u>Mendoza</u>.).

13          Petitioner's showing here falls far short of that required by <u>Mendoza</u>.  Apart from Petitioner's

14   claim that he does not speak English, Petitioner's only real argument is that he failed to diligently

15   enlist the assistance of other inmates to understand the federal requirements and timely file a petition

16   because he was under the misperception that he should not discuss his case with other inmates.  While

17   unfortunate, a mere misunderstanding on the part of Petitioner is insufficient to satisfy <u>Mendoza</u> and

18   demonstrate diligence.  Petitioner does not, and indeed cannot, credibly allege that, despite his diligent

19   efforts, he was unable to secure legal materials in Spanish or inmate legal assistance during the one-

20   year limitation period because he made a conscious choice to forego seeking such assistance or

21   securing such legal materials in Spanish.  If the Court were to find equitable tolling justified in each

22   case where an inmate has, due to some mistaken concept or idea about the legal system, failed to act in

23   a timely manner, equitable tolling would become so commonplace that it would effectively eviscerate

24   the statute of limitations.

25          Petitioner also makes generalized statement that he received only an elementary education in

26   Mexico, but Petitioner has failed to allege with any particularity how that elementary education

27   prevented him from communicating with other Spanish-speaking inmates during the one-year

28

8

limitation period or otherwise prevented him from timely filing the instant petition.  Courts have recognized that a low educational level, even to the point of illiteracy, does not automatically entitled an inmate to equitable tolling.  Cobas v. Burgess, 306 F. 3d 441, 444 (6th Cir. 2002)(inability to understand English not necessarily a basis for equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)(unfamiliarity with the law due to illiteracy not sufficient); Adkins v. Warden, 585 F.Supp.2d 286, 298-299 (D.Conn. 2008)(educations deficits).  Without more, this Court simply cannot find that it was Petitioner's limited education, rather than his lack of diligence, that prevented him from timely pursuing this action.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the equitable tolling issue.  Accordingly, the petition is late and should therefore be dismissed.

**RECOMMENDATION**

Accordingly, the Court **HEREBY RECOMMENDS** that the habeas corpus petition be **DISMISSED** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

9

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 15, 2012**                        **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE